NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELIOT S. SASH,<br><br>        Plaintiff,<br><br>        v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 09-2074 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon the motion of Defendant United States of America's (the "United States") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). No oral argument was heard under Rule 78. For the reasons stated below, the Government's motion is granted.

### I. BACKGROUND[1]

      Plaintiff Eliot S. Sash ("Plaintiff") is a former federal inmate who was incarcerated at the Federal Correctional Complex in Allenwood, Pennsylvania. In this action, he seeks money damages from the United States for harms that he allegedly suffered because a Sex Offender Public Safety Factor ("Sex Offender PSF"), an internal Federal Bureau of Prisons ("BOP") designation, was not removed from his inmate file. The Sex Offender PSF resulted in Plaintiff being classified as a "low

---

[1] The facts in the Background section have been taken from the parties' submissions.

security" inmate instead of a "minimum security" inmate and caused him to be denied placement in a camp facility or on home confinement.  Compl. ¶ 1.

On April 14, 2010, this Court issued an Opinion and Order dismissing Plaintiff's claims against nine BOP employees, and dismissing his claims against the United States in part.  Two types of claims were permitted to proceed: (1) emotional distress claims that do not arise out of defamation, libel or slander; and (2) a negligence claim based on the failure to "properly record and maintain records pertaining to Plaintiff allowing an erroneous Sex Offender Public Safety Factor to remain in his BOP records."  Sash v. United States, No. 09-2074, 2010 U.S. Dist. LEXIS 37383, at *23-26 (D.N.J. Apr. 14, 2010).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. To succeed on such a motion, the moving party must show that "no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 538 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks omitted)).

As in a motion dismiss for failure to state a claim, in deciding a motion for judgment on the pleadings, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Moreover, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d

Cir.1993).

### III.  DISCUSSION

A. Negligent Infliction of Emotional Distress[2]

In order to recover for negligent infliction of emotional distress, a plaintiff must prove one of the following four elements: "(1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered from a physical impact; (3) that Plaintiff was in a 'zone of danger' and at risk of immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative." Doe v. Phila. Cmty. Health Alternatives AIDS Task Force, 745 A.2d 25, 27 (Pa. Super. Ct. 2000).  Moreover, "a Plaintiff who alleges negligent infliction of emotional distress must suffer immediate and substantial physical harm." Id. at 28.  The Complaint does not allege that Plaintiff suffered a physical impact or that he suffered immediate and substantial physical harm. Therefore, the United States is entitled to judgment on the pleadings on this claim.

B.  Intentional Infliction of Emotional Distress

To sustain a claim for intentional infliction of emotional distress:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Described another way, it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that this conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

---

[2]All of Plaintiff's tort claims arise out of his incarceration in Pennsylvania.  As Plaintiff's claims are brought under the Federal Tort Claims Act ("FTCA"), and the "extent of the United States' liability under the FTCA is generally determined by state law," Pennsylvania state law applies.  See Molzof v. United States, 502 U.S. 301, 305 (1992).

Hoy v. Angelone, 720 A.2d 745, 754 (Pa. Super. Ct. 1993).

Having considered the facts as alleged in the Complaint, the Court cannot find that the actions of the BOP officials were extreme or outrageous. The BOP officials relied upon information in a presentence report prepared during Plaintiff's criminal case in determining that sufficient justification existed for keeping a Sex Offender PSF on Plaintiff's BOP inmate file. As a result of the Sex Offender PSF, Plaintiff claims he was wrongly classified as a low security inmate. The parties dispute whether there actually was an error in the presentence report. Def.'s Br. 9. The Court finds, however, that even if an error did occur, it would not have been so outside the bounds of acceptability as to be deemed actionable. This is not a situation where a non-violent offender was placed in a maximum security prison. Rather, the United States, at most, placed a convicted criminal who it believed was at one time a sex offender in a low security prison. This act could not be deemed "intolerable in a civilized society." Accordingly, judgment on this claim must also be entered in favor of the United States.

C. Negligence

"[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042 . . . ." United States v. Muniz, 374 U.S. 150, 164-65 (1963); Jones v. United States, 91 F.3d 623, 624 (3d Cir. 1996) (applying federal duty of care to negligence claim of federal prisoner) . That statute requires the BOP to provide to all persons charged with or convicted of offenses against the United States "suitable quarters and . . . safekeeping, care, and subsistence" and "protection, instruction, and discipline . . . ." 18 U.S.C. § 4042(a)(2)-(3). "Courts have read [§ 4042] to mean that the government must exercise ordinary diligence to keep prisoners safe and free from harm." Christian v. United States, 136 Fed. Appx. 514, 515 (3d Cir. 2005).

Though the duty of care is articulated by federal statute, the Court must look to Pennsylvania tort law in order to determine whether the government has breached that duty. See, e.g., Friedman v. United States, No. 99-1445, 221 F.3d 1334, 2000 WL 876391, at *3 (6th Cir. 2000) ("[D]uty of care is set by section 4042.  In order to determine liability, the elements of state tort law must be applied." (quoting Fleichsig v. United States, 991 F.2d 300, 303-04 (6th Cir. 1993) (internal quotation marks omitted))).  In Pennsylvania, a cause of action for negligence requires that a plaintiff prove: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damages to the resulting interests of another." Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

There are no allegations in the Complaint that show that the BOP failed to satisfy its duty to exercise ordinary diligence to keep Plaintiff safe and free from harm while he was incarcerated. Plaintiff alleges that he was wrongly classified as a low security inmate.  He does not allege, however, that this purported error ever affected his health or safety.  Accordingly, the Court cannot find as a matter of law that the United States breached any duty and judgment on this claim should be entered in favor of the United States.

## CONCLUSION

For the reasons stated, judgment on all claims must be entered in favor of the United States.

       S/ Dennis M. Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J.

Date:       March 31,  2011
Orig.:       Clerk

cc: All Counsel of Record
Hon. Joseph A. Dickson, U.S.M.J.
File